IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE WILSON,                                    No. CIV S-09-2191-LKK-CMK-P

        Plaintiff,

    vs.                                            FINDINGS AND RECOMMENDATIONS

SANDRA LEE WEVER, et al.,

        Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Along with the complaint, plaintiff filed an application for leave to proceed in forma pauperis. That application, however, was defective in that it did not contain a certified copy of plaintiff's inmate trust account statement as required by law. On September 1, 2009, the court issued an order advising plaintiff of this defect and provide an opportunity to re-submit his application. Plaintiff filed a second application on September 14, 2009, which was also defective for the same reason as the first. Again, plaintiff was advised of the defect by order issued on October 2, 2009, and provided another opportunity to re-submit his in forma pauperis application. On October 14, 2009, and October 16, 2009, plaintiff filed a third and fourth application. These latest applications are also defective because they do not contain the required

1

certified trust account statement.  It thus appears that plaintiff is either unwilling or unable to file a proper in forma pauperis application in compliance court orders, and plaintiff has not otherwise resolved the fee status for this case.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to resolve the fee status for this case as directed, the court finds that dismissal of this action is appropriate.

///
///
///
///
///
///
///
///

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 21, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE