IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE WILSON, | No. CIV S-09-2191-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SANDRA LEE WEVER, et al., | |
| Defendants. | |
| _____/ | |

  Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Sandra Lee Wever, Mary Daved, James Bueler, Shawn Webber, Maria Webber, and Dave Wever. Plaintiff claims:

> Sandra Wever conspired with her co-defendants to deprive plaintiff of his civil rights in violation of the U.S. Constitution of the United States of America.
> As a member of a white suppremicist group Sandra Wever perpetrated "Hate Crimes" on the plaintiff. Ms. Wever did this in aparant response to finding out the plaintiff has or may have Jewish ancestry, a female named "Heller," an African-American ancestor.
> Ms. Wever set him up with police to get him out of the way so she and her co-defendants could steal his possessions. Just like what happened in the 1930's in Nazi Germany, Ms. Wever's maiden name is Schwartz! She is full-blooded German and believes in Nazism.
> Plaintiff has dozens of witnesses to support his claim.
> Plaintiff is seeking both monetary damages both actual and punitive as well as the court order the U.S. Justice Department to investigate and prosecute all those who actually participated in this "Hate Crime."

Plaintiff does not allege that any of the named defendants are state actors.

## II. DISCUSSION

To state a claim under § 1983, the plaintiff must allege that defendants acted under color of state law. See Crumptom v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Private parties do not generally act under state law. See Price v. Hawai'i, 939 F.2d 702, 707-08 (9th Cir. 1991). Plaintiff does not allege that any defendant was a government official of any kind. While a conspiracy between private and state actors may be enough to establish that the private party

was acting under color of law, see Tower v. Glover, 467 U.S. 914, 920 (1984), plaintiff does not allege that any named defendant is a state actor.  Further, plaintiff has not alleged facts sufficient to show an agreement between or among defendants to violate plaintiff's constitutional rights.  Plaintiff's allegations of racial discrimination by a private actor are insufficient to state a federal civil rights claim under § 1983.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed and that all pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2010

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3