IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE WILSON, | No. CIV S-09-2191-LKK-CMK-P |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| SANDRA LEE WEVER, et al., | |
|     Defendants. | |
| _____/ | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 47).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

## I. PLAINTIFF'S ALLEGATIONS

In the original complaint, plaintiff named the following as defendants: Sandra Lee Wever, Mary Daved, James Bueler, Shawn Webber, Maria Webber, and Dave Wever. Plaintiff appears to now name the following as defendants: Sandra Lee Wever, William Proffitt, Richard Teixeira, and Mary Daved. Plaintiff alleges:

> Sandra Wever conspired with her co-defendants to deprive plaintiff of his civil rights in violation of the U.S. Constitution of the United States of America, Civil Rights Act, 42 U.S.C. § 1983.
> Ms. Wever as a member of a white suppremicist [sic] group perpetrated "hate crimes" against the plaintiff. Ms. Wever did this in apparent response to finding out the plaintiff has or may have Jewish ancestry (a female named "Heller") and African-American ancestor.
> Ms. Wever made false accusations to the police to get him out of the way so she and her co-defendants could steal his possessions. Just like what happened in the 1930's in Nazi Germany. Ms. Wever's maiden name is "Schwartz." She fancies herself a Nazi.
> Plaintiff has dozens of witnesses to support his claim including an F.B.I. Special Agent Larry Ott (retired) who now works for Butte County Public Defender's Office as a private investigator. He can attest to the following:

> 1) That Sandra Wever confessed to William Proffitt (a police investigator) that she stole my vehicle and forged the title and nothing was done.

> 2) That Sandra Wever was seen by <u>two</u> witnesses burglarizing my property. The witnesses informed William Proffitt and nothing was done.

> 3) Sandra Wever forged checks on plaintiff's bank account. William Proffitt was informed and did nothing.

///

> Mr. Proffitt is rumored to be having a relationship with Ms. Wever and is aiding a& abetting her in your criminal conspiracy, using his position as the investigator in my case to protect Ms. Wever from criminal prosecution and to assist in furthering my prosecution.

It appears that Wever is alleged to be a private individual. The amended complaint asserts no specific allegations against Richard Teixeira or Mary Daved (who are referred to only as "co-defendants").

## II. DISCUSSION

To state a claim under § 1983, the plaintiff must allege that defendants acted under color of state law. See Crumptom v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Private parties do not generally act under state law. See Price v. Hawai'i, 939 F.2d 702, 707-08 (9th Cir. 1991). As outlined in the court's September 24, 2010, order, a private individual may be liable under § 1983 if she conspired or entered joint action with a state actor. To establish conspiracy, the plaintiff must allege facts that show a meeting of the minds to violate constitutional rights, and each participant in the alleged conspiracy must at least share the common objective of the conspiracy. In the typical case involving claimed civil rights violations by private individuals, the question is whether the state actor was sufficiently involved. This involvement may be shown if the state actor knowingly accepts the benefits derived from the unconstitutional behavior of the private individual. A bare allegation, however, of such joint action is insufficient. The plaintiff must allege facts tending to show that the private individual acted under color of state law or authority. Applying these pleading standards to the allegations in the original complaint, the court stated:

> . . . Upon . . . a liberal review of plaintiff's complaint, the court concludes that while plaintiff has not met the level of factual specificity required by the Federal Rules of Civil Procedure, there is the possibility that the defects in the complaint can be cured through amendment.

///

3

   Plaintiff has not pled facts sufficient to prove that there was an agreement between Ms. Wever and the police; however, the statements "Ms. Wever set him [plaintiff] up with police" and "[j]ust like what happened in the 1930's in Nazi Germany" indicates to this court that plaintiff is attempting to allege that Ms. Wever conspired with named defendants *and* police in order to deprive plaintiff of his property.

   In the amended complaint, plaintiff alleges that Wever made "false accusations" to the police "to get him out of the way" so that Wever and others could steal his property, that Wever stole his property, that Proffitt – a police officer – knew about these crimes, and that Proffitt took no action on such knowledge. Plaintiff also alleges that Wever and Proffitt are involved in a relationship and that Proffitt failed to act in order to protect Wever. Plaintiff does not allege that Proffitt stole any of his property.

   The court finds that these allegations are insufficient to establish that Wever was acting under color of state law. Specifically, plaintiff has not alleged facts to show any meeting of the minds between Wever and Proffitt (or any other state actor) that they shared a common objective to violate plaintiff's constitutional rights. While the facts alleged in the amended complaint may be sufficient to show that Wever – a private individual – intended to discriminate against plaintiff, plaintiff only alleges that Proffitt knew after-the-fact of improper conduct by Wever and failed to do anything about it. And, while plaintiff claims that Proffitt turned a blind eye in order to protect Wever, with whom Proffitt was having a relationship, plaintiff does not allege any facts to show that Proffitt shared Wever's goal of discrimination. Further, there are no allegations that any state actor knowingly accepted a benefit of Wever's misconduct (i.e., that Proffitt received the stolen property or somehow otherwise benefitted from the theft of plaintiff's property). In short, there are no allegations that Wever (or any "co-defendants") essentially acted under the color of state authority flowing from a conspiracy with Proffitt. Rather, the allegations show that Wever acted out of her own motivations and that Proffitt covered up Wever's conduct after the fact due to their relationship.

///

Plaintiff was provided an opportunity to amend in order clarify whether his allegation that Wever essentially set him up with police "just like in the 1930's Nazi Germany" indicates a conspiracy. The court finds that plaintiff has failed to do so and cannot state a claim against Wever. As to Proffitt, there are no allegations in the amended complaint that, on his own, Proffitt intentionally discriminated against plaintiff.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by further amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed and that any pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 22, 2011

　　　　　　　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　　　　　　　 **CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　　　　　　 UNITED STATES MAGISTRATE JUDGE