1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   LEE WILSON,                                    No. 12:09-CV-2191-LKK-CMK-P
12              Plaintiff,
13         vs.                                      <u>ORDER</u>
14   SANDRA LEE WEVER,
15              Defendant.
16   _____/
17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to
18   42 U.S.C. § 1983.  Pending before the court is the United States Marshal's request (Doc. 75) for
19   costs of service on defendant Wever.
20          On March 14, 2013, the United States Marshal filed a return of service purporting
21   to show proper service on defendant Wever.  The remarks included on the return of service
22   indicate that the summons and complaint were personally given to Mary Wever, defendant's
23   sister, who said she would in turn give the papers to defendant.
24   / / /
25   / / /
26   / / /

                                        1

1    The court finds that the manner of service employed by the United States Marshal
2  is insufficient under the Federal Rules of Civil Procedure.  Rule 4(e) specifies that service may
3  be accomplished by complying with state law, delivering a copy of the summons and complaint
4  to the defendant individually, leaving a copy of the summons and complaint at the defendant's
5  dwelling or usual place of abode with someone of suitable age and discretion who resides there,
6  or delivering a copy of the summons and complaint to the defendant's legally authorized agent.
7  In this case, California law for substituted service requires that the summons and complaint be
8  mailed to the defendant.  There is no indication this occurred here.  Further, there is no indication
9  that Mary Wever is of suitable age or that she resides with defendant Wever.  Finally, there is no
10  indication that Mary Wever is defendant's lawful agent for service of process.

11    Because the United States Marshal has not submitted evidence showing service of
12  process in compliance with the rules, the request for reimbursement will be denied and the
13  United States Marshal will be directed to re-serve defendant Wever.[1]

14  / / /
15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /

25  _____

26    [1]    In a prior order, the United States Marshal was directed to retain the sealed summons and a copy of the complaint in their file for future use.

2

1           Accordingly, IT IS HEREBY ORDERED that:

2           1.     The United States Marshal's request (Doc. 75) is denied;

3           2.     The United States Marshal shall:

4                a.  Personally serve process and a copy of this order on the defendant in accordance with Fed. R. Civ. P. 4 and 28 U.S.C. § 566(c) and

5 shall command all necessary assistance to execute this order.  The United States Marshal shall maintain the confidentiality of all information so

6 provided pursuant to this order; and

7                b.  File, within fourteen days after personal service is effected, the return of service, along with evidence of any attempts to secure a waiver of

8 service of summons and of the costs subsequently incurred in effecting service on the defendant.  Such costs shall be enumerated on the USM-285

9 form and shall include the costs incurred by the United States Marshal's office for photocopying additional copies of the summons and complaint

10 and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the

11 provisions of Fed. R. Civ. P. 4(d)(2).

12

13 DATED:  May 20, 2013

14                                     Craig M. Kellison

15                               **CRAIG M. KELLISON**

                              UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26