IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LEE WILSON, | No. 2:09-CV-2191-KJM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SANDRA LEE WEVER, | |
| Defendant. | |

Plaintiff, a former prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

A review of the docket reflects that defendant was served on January 15, 2016, but has not filed a response to the complaint and that plaintiff has not taken any steps to prosecute following defendant's failure to file a response to the complaint. On October 13, 2016, plaintiff was directed to show cause in writing within 30 days why the action should not be dismissed for lack of prosecution. See Local Rule 110. To date, plaintiff has not responded to the court's order to show cause or otherwise prosecuted this action.

/ / /

/ / /

1

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Upon consideration of these factors, the court finds that dismissal of the action is an appropriate sanction. Plaintiff's failure to prosecute thwarts both the public's interest in expeditious resolution of the case and the public policy favoring disposition on the merits. Moreover, this court must manage its docket and terminate those actions where the plaintiff demonstrates a lack of interest in prosecution. Finally, plaintiff has been warned throughout the course of this litigation that lack of prosecution and failure to comply with court orders may result in dismissal.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1       Based on the foregoing, the undersigned recommends that this action be
2 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
3 orders.
4       These findings and recommendations are submitted to the United States District
5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
6 after being served with these findings and recommendations, any party may file written
7 objections with the court.  Responses to objections shall be filed within 14 days after service of
8 objections.  Failure to file objections within the specified time may waive the right to appeal.
9 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 DATED: December 9, 2016

13                                       **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE